**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000424
22-FEB-2013
08:51 AM**

NO. CAAP-12-0000424

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of GANBAO GAO,
Complainant-Appellant/Appellant,
v.
HAWAI'I LABOR RELATIONS BOARD, State of Hawai'i,
Agency-Appellee/Appellee,
and
DEPARTMENT OF ATTORNEY GENERAL, State of Hawai'i,
Respondent-Appellee/Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1077-05)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

In a secondary administrative appeal, Complainant-Appellant/Appellant Genbao Gao (Gao), pro se, appeals from the February 27, 2012 Judgment and related post-judgment orders entered in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Agency-Appellee/Appellee Hawai'i Labor Relations Board (HLRB) and Respondent-Appellee/Appellee Department of Attorney General (AG), State of Hawai'i, affirming the HLRB's dismissal of Gao's prohibited practice complaint against the AG.

---

[1] The Honorable Rhonda A. Nishimura presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Gao's appeal is without merit.

The HLRB properly dismissed Gao's claims that the AG engaged in unfair labor practices. Hawaii Revised Statutes (HRS) § 377-9 (1993) ("Prevention of unfair labor practices") states: "No complaints of any specific unfair labor practice shall be considered unless filed within ninety days of its occurrence." HRS § 337-9(1); see also Hawaii Administrative Rules (HAR) § 12-42-42.[2]

The undisputed facts in the record establish that Gao received a written reprimand on October 9, 2007, a thirty-day suspension without pay on December 10, 2007, and termination on January 20, 2009. Gao filed his complaint to the HLRB on August 26, 2010, more than ninety days after the last disciplinary action, and was thus untimely.

Gao argues the ninety-day statute of limitations began to run from the May 28, 2010 issuance of an arbitration decision which denied Gao's grievances and affirmed the AG's disciplinary action against him. His argument is unavailing because his prohibited practice claims were based on the disciplinary actions taken against him, and not on the arbitration decision itself. His complaint to the HLRB stated: "The disciplinary actions against me in 2007 and 2009 violated [HRS § 89-13 (2012 Repl.) ("Prohibited practices; evidence of bad faith")]." (Emphasis added.). To the extent Gao claims his employer's testimony at

---

[2]     HAR § 12-42-42 states:

   (a) A complaint that any public employer, public employee, or employee organization has engaged in any prohibited practice, pursuant to section 89-13, HRS, may be filed by a public employee, employee organization, public employer, or any party in interest or their representatives within ninety days of the alleged violation.

the arbitration constituted a prohibited practice, such claims are also time-barred because Gao filed his complaint more than ninety days after the arbitration hearings.  Therefore, we conclude the circuit court properly affirmed the HLRB's order dismissing Gao's prohibited practice claims as untimely.

The HLRB also properly concluded it lacked jurisdiction to vacate the arbitration decision.  Gao's complaint to the HLRB challenged the arbitration decision by alleging the decision was based on false testimony by the AG's witnesses.  HRS Chapter 658A, the Uniform Arbitration Act, governs review of arbitration awards, and under HRS § 658A-23 (2012 Repl.) ("Vacating award"), only a court may vacate an arbitration decision and award for the reasons set forth in the statute.  Neither HRS § 89-5 (2012 Repl.) ("Hawai'i labor relations board") nor HRS § 89-13 gives the HLRB jurisdiction to vacate an arbitration award.

The HLRB also properly concluded that, pursuant to the unit 13 collective bargaining agreement (CBA) terms, Gao is bound by the arbitration award.  "[W]here the terms of public employment are covered by a collective bargaining agreement pursuant to HRS Chapter 89 (1993) and the agreement includes a grievance procedure to dispose of employee grievances against the public employer, an aggrieved employee is bound by the terms of the agreement."  Poe v. Hawai'i Labor Relations Bd., 97 Hawai'i 528, 537, 40 P.3d 930, 939 (2002).  Here, Article 11 of the CBA governs the grievance procedure and states: "[T]he decision of the Arbitrator shall be final and binding upon the Union, its members, the Employees involved in the grievance and the Employer."  (Emphasis added.).  Thus, Gao could not relitigate the arbitration decision before the HLRB by requesting a review of his employer's testimony.

Lastly, the HLRB properly dismissed Gao's claims for violations of the Americans with Disabilities Act (ADA) and of the AG's workplace violence policies.  "An administrative agency can only wield powers expressly or implicitly granted to it by

statute." Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawai'i 173, 184, 86 P.3d 982, 993 (2004) (internal quotation marks omitted). The HLRB's jurisdiction over controversies concerning prohibited or unfair labor practices is grounded in HRS Chapters 89 and 377, which do not include jurisdiction to determine violations of the ADA or of workplace violence policies.

Therefore, the circuit court properly affirmed the HLRB decision and did not err in denying Gao's motion to vacate, alter or amend the judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 59.

The circuit court also did not abuse its discretion in denying Gao's motion for reconsideration. The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion; however, the trial court does not abuse its discretion in denying the motion if the arguments and evidence supporting the motion could and should have been produced earlier. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114-15, 839 P.2d 10, 27 (1992). Gao's motion for reconsideration raised only one new argument, claiming his termination was not consistent with the grievance procedure required under HRS § 89-10.8 (Supp. 2010). This argument could and should have been raised during his appeal to the circuit court and does not affect the correctness of the HLRB's decision regarding the untimeliness of Gao's complaint.

The circuit court also properly denied Gao's motion for a new trial pursuant to HRCP Rule 59. The provisions Gao cited in support of his motion do not apply to an agency appeal. HRS § 635-56 (Supp. 2010) and HRCP Rule 59 allow new trials in an action in which there has been a trial. Gao did not file a direct action in the circuit court, and there has been no trial. Furthermore, the instant case is an agency appeal governed by HRS § 91-14 (Supp. 2010). HRS § 91-14 does not provide for a trial before the circuit court based on an appeal from an HLRB

4

decision. Under HRS § 91-14(f), judicial review is confined to the record except where a trial de novo is provided by law. <u>Pele Defense Fund v. Puna Geothermal Venture</u>, 77 Hawai'i 64, 70, 881 P.2d 1210, 1216 (1994). No statute provides for a trial de novo in an appeal from an HLRB decision.

Therefore,

IT IS HEREBY ORDERED that based on the foregoing, the February 27, 2012 Judgment; April 13, 2012 "Order Denying Appellant's Motion to Reconsider the Order Affirming Decision and Dismissing Appeal, Filed on February 6, 2012, Filed on February 10, 2012;" and April 24, 2012 "Order Denying Appellant's Motion to Vacate, Alter or Reverse the Judgment Filed on Feb. 27, 2012; and Motion for New Trial, Filed on March 6, 2012" all filed in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, February 22, 2013.

On the briefs:

Genbao Gao
Complainant-Appellant/Appellant
pro se.

Valri Lei Kunimoto
for Agency-Appellee/Appellee.

James E. Halvorson
Maria C. Cook
Deputy Attorneys General
for Respondent-Appellee/Appellee.

Chief Judge

Associate Judge

Associate Judge